[Civ. No. 2826.   Third Appellate District.—May 28, 1925.]

## STERLING LUMBER COMPANY (a Corporation), Appellant, v. W. T. KINSEY, Respondent.

[1] ACCOUNTS—PLEADING—APPLICATION OF MONEYS PAID—PROOF OF OTHER INDEBTEDNESS.—In an action to recover a balance due for lumber, where the defendant pleads payment and the plaintiff, while admitting the payment of the sum stated by defendant, claims that a portion of said sum was applied to the payment of other indebtedness not included in his complaint or bill of particulars, the burden is on plaintiff to prove such other indebtedness, so that it might be made to appear that a proper application was made of the moneys paid by defendant.

(1) 4 C. J., p. 549, n. 2.

APPEAL from a judgment of the Superior Court of Sonoma County. Ross Campbell, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. S. Page for Appellant.

E. J. Dole for Respondent.

1. Application of payments, notes, 13 **Am. Dec.** 505; 14 **Am. Dec.** 694; 96 **Am. St. Rep.** 44.

HART, J.—This is an action to recover from defendant the total sum of $634.65, alleged to be due plaintiff on two different accounts.

The plaintiff is engaged in the lumber business, its principal place of business being in the city and county of San Francisco. One K. Benneche was, at the time that some of the transactions involved herein took place, the owner of a lumber business at Penn Grove, Sonoma County. During the time that said Benneche was engaged in conducting said lumber business, the defendant, Kinsey, a building contractor, dealt with and purchased lumber from Benneche for the purposes of his (defendant's) business. While these relations existed between Benneche and Kinsey, the former sold and transferred his lumber business to the plaintiff, but remained at Penn Grove as manager for plaintiff of said lumber business. After this transfer of said lumber business and the properties connected therewith, Kinsey continued to buy lumber at said lumber-yards as so conducted by the plaintiff.

The complaint sets up two causes of action, both in the form of common counts. The first is for the sum of $243.90 and is based on an account accruing after plaintiff became the owner of the lumber business mentioned, and the other for the sum of $390.75 and founded on an account with said Benneche and incurred prior to the time of his transfer of the business to plaintiff. The complaint alleges that the last-mentioned account was by Benneche assigned to plaintiff.

The answer consists of specific denials of all of the material averments of each count of the complaint. Defendant filed a cross-complaint, in two different counts, alleging, in the first, that plaintiff was indebted to him in the sum of $40 for services and labor rendered by him for plaintiff, and, in the second, for the sum of $164.60, for money had and received. The plaintiff met the cross-complaint by specific denials of its averments.

The cause was tried by the court, sitting without a jury. The judgment is that neither the plaintiff nor defendant is entitled to recover anything from the other by reason of their respective affirmative pleadings.

The plaintiff prosecutes this appeal from the judgment.

The defendant, as stated, during the period covering the transactions involved herein, was a building contractor and had contracts for the erection of different buildings or structures. He purchased building materials at the plaintiff's lumber-yards in Penn Grove from time to time or as the exigencies of his several building contracts required during said period of time, and, as to each contract, maintained an account with the plaintiff and its predecessor, Benneche. Both the plaintiff and the defendant filed in the action a bill of particulars, specifically showing the numerous debit and credit items constituting the several accounts. Notwithstanding these bills of particulars, the accounts, as they were introduced in evidence, present on their face, a veritable labyrinth of figures, the signification of which, as basic essentials of the issues tendered, cannot properly be understood without first subjecting the accounts thus constituted to the usual processes of an accountant or some person having the ability, the time and the patience to essay a task of such magnitude. An accounting should have been ordered and had. The court found, specifically, however, that the defendant was not indebted to plaintiff in the sum of $243.90, as alleged in the first count of the complaint, or in any sum, nor was he indebted to plaintiff in the sum of $390.75, as alleged in the second count, or in any sum; that the materials set forth in plaintiff's bill of particulars as to the first count or cause of action set forth in the complaint, "excepting that but thirteen thousand instead of thirty-five thousand cedar shingles, were delivered to defendant; that said materials were used on different jobs or contracts, some not the subject of this litigation, and that defendant has paid on the purchase of said materials the sum of $4,321; that during a period of about two years last past the defendant had had numerous transactions with the plaintiff, or with plaintiff's assignor, K. Benneche; that the determination of a correct balance between plaintiff and defendant involves the examination of numerous accounts outside of others pleaded in plaintiff's amended complaint or in defendant's cross-complaint or as shown by plaintiff's bill of particulars filed herein. That as to said accounts not included in the issues herein there is a dispute between plaintiff and defendant; that because of said facts, this court finds that it is impossible to establish a true balance between plaintiff and defendant;

that plaintiff has failed to sustain his case by preponderance of evidence."

If the trial court found itself unable, from the evidence before it, "to establish a true balance between plaintiff and defendant," certainly this court cannot be expected to do so. [1] But the case presents a situation which does not necessitate a minute examination and a reconciliation of the numerous items making up the general account to justify approval of the finding that the plaintiff failed to establish his case by a preponderance of the evidence. To substantiate this conclusion, it is necessary only to refer briefly to the testimony of the plaintiff's manager, K. Benneche, also assignor of the claim constituting the basis of the second count of the complaint. He stated that the defendant had made payments on the account which amounted, in the aggregate, to the sum of $4,321, but that he had applied all of said amount, save and except the sum of $1,971, to the extinguishment of other indebtedness of the defendant to plaintiff and which was not included in the plaintiff's bill of particulars. Plaintiff, however, failed to prove the "other indebtedness" to the satisfaction of which the payments made by defendant were applied. We have searched the record in vain for any such evidence. While it was not necessary for plaintiff to include in its bill of particulars such other indebtedness, it was incumbent upon it to prove it so that it might be made to appear that it had made a proper application of the moneys paid plaintiff by defendant. It follows, of course, that plaintiff was not entitled to recover.

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.